```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| **BOBBIE J. HOLLIMAN,** * | |
| * | |
| Plaintiff, * | |
| * | |
| vs. * | CIVIL ACTION 06-00175-CG-B |
| * | |
| **MICHAEL J. ASTRUE,** * | |
| **Commissioner of Social** * | |
| **Security,** * | |
| * | |
| Defendant. * | |

### REPORT AND RECOMMENDATION

Plaintiff brings this action under 42 U.S.C.§ 405(g) seeking seeking judicial review of a final decision of the Commissioner of Social Security.  This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 13).  Upon  careful review of Defendant's motion and supporting memorandums, Plaintiff's response in opposition, and the administrative record, the undersigned recommends that Defendant's motion be DENIED.

### I.    Procedural History

Plaintiff protectively filed an application for disability insurance benefits on March 10, 2000, alleging an onset date of disability of December 31, 1994.  (Tr. 38-44).  Plaintiff's application was denied on November 15, 2000, and she did not appeal; thus, that  decision became final pursuant to 20 C.F.R. § 404.905.   Subsequent thereto, Plaintiff, on November 3, 2003, protectively filed another application for disability insurance benefits, and again alleged an onset disability date

of December 31, 1994. (Tr. 43-45, 48). Plaintiff's claim was denied and she requested review by an Administrative Law Judge ("ALJ"). (Id. at 22-23, 31). Following an administrative hearing, Administrative Law Judge ("ALJ") William J. Ragland issued a fully favorable decision on August 16, 2005. ((Id. at 12-16). In his decision, the ALJ acknowledged that a prior unfavorable determination of the Commissioner could be reopened upon the establishment of "good cause", and determined that:

> ..."new and material" evidence-specially, documentation of the claimant's combined mental impairment(s), provides the basis for not applying the doctrine of res judicata to the initial determination, and provides a basis on which to reopen and revise the prior unfavorable determination of November 15, 2000. (Exhibit 1A).

(Id. at 12). The ALJ went on to conclude that Plaintiff is disabled and is entitled to a period of disability commencing December 31, 1994, and to Disability Insurance Benefits pursuant to Section 223 of the Act, as amended, and that Plaintiff's disability had continued through the date of his decision. (Id.)

On August 28, 2005, the Southeastern Payment Center sent Plaintiff a "Notice of Award", which indicated that "[O]ur records show that you became disabled on December 21, 1994. By law, we can pay benefits no earlier than 12 months before the month of filing. Since you filed for benefits on November 3, 2003, monthly payments will begin November, 2002."[1] Subsequent thereto, Plaintiff requested review by the Appeals Council. In her request for review, Plaintiff asserted that "the action by the administration did not coincide with the decision of [the ALJ] to back date to December 31, 1994." (Tr. 8) The Appeals Council, on January

---

[1] A copy of the Notice is not contained in the administrative record before the Court; however, the parties do not dispute that such Notice was sent.

27, 2006, denied Plaintiff's request for review. (Id. at 4-7). Specifically,, the Appeals Council stated:

> You asked us to reopen (look again at) and change the final determination on your earlier application. However, we found no reason to reopen the determination. Under our rules, we may reopen a determination or decision for new and material evidence......Page 1 of the hearing decision reflects that new and material evidence, consisting of documentation related to combined mental impairment(s), provides the basis for reopening and revising the prior unfavorable determination of November 15, 2000 . . . . [T]he record in this case does not contain any significant evidence in support of a severe mental impairment, and the decision only refers to the severe physical conditions in finding 3. . . . It is, therefore, concluded that in the absence of new and material evidence, pertaining specifically to the determination cited above, there would be no basis for revising that determination.

(Id. at 6). Plaintiff then filed her instant complaint with this Court seeking review of the Commissioner's final decision pursuant to 42 U.S.C. 405(g). (Doc. 1).

Pursuant to the Scheduling Order (Doc. 5), Plaintiff, on July 7, 2006, filed a Proposed Report and Recommendation (Doc. 10), wherein she essentially asserts that the ALJ's decision included a clerical error, that the Southeastern Payment Center payout was not in accordance with the ALJ's decision, and that the Appeals Court erred in refusing her appeal. In turn, the Commissioner filed the instant motion to dismiss. The Commissioner argues that this Court does not have jurisdiction to review the Appeals Council's refusal to reopen Plaintiff's prior unfavorable determination.

This Court's jurisdiction over the present action is governed by 42 U.S.C. § 405(g), which provides for judicial review only of "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). As a general matter, district courts do not have

jurisdiction over the [Commissioner's] refusal to reopen a claim since such a decision is not a "final decision" within the meaning of 42 U.S.C. § 405(g). Califano v. Sanders, 430 U.S. 99, 107-108, 97 S.Ct. 980, 985-86, 51 L. Ed. 2d 192 (1977); Sherrod v. Chater, 74 F.3d 243, 245 (11th Cir. 1996); Stone v. Heckler, 778 F.2d 645, 646-647 (11th Cir. 1985). However, there is jurisdiction where a plaintiff challenges the Commissioner's decision on constitutional grounds. Califano, supra, 430 U.S. at 109. Additionally, the Eleventh Circuit has noted that the "law is well established that judicial review under § 405(g) is available when a social security claim is in fact reopened and reconsidered on the merits to any extent at any administrative level." Macon v. Sullivan, 929 F.2d 1524, 1529 (11th Cir. 1991).

In Wolfe v. Chater, 86 F.3d 1072 (11th Cir. 1996), the Eleventh Circuit explained that the ALJ must be allowed some leeway "to evaluate how newly presented evidence relates back to the prior application in order to determine whether to reopen the case pursuant to 20 C.F.R. § 404. Specifically, this court has held that an ALJ does not open a prior decision when the ALJ evaluates the evidence presented in support of the original application solely to make a reasoned determination of its res judicata effect on the second application. Alternatively, this court has suggested that the [Commissioner's] final decision will be deemed reopened if the ALJ does not apply res judicata and bases an ultimate decision on a review of the record in the prior application." Chater, 86 F. 3d at 1078-79. (Citations omitted) The Wolfe court concluded that where a third ALJ had determined that the first two ALJs mischaracterized the plaintiff's educational level, the third ALJ went beyond evaluating evidence for the purpose of making a reasoned determination of its res

4

judicata effect, and had in fact, reopened the prior decisions.

In the case at hand, it is clear that a reopening occurred. In the ALJ's decision, he expressly held that res judicata would not be applied because new and material evidence provided a basis upon which to reopen and revise the prior unfavorable decision of November 15, 2000. Given the ALJ's finding, the Commissioner cannot seriously contend that the ALJ merely reviewed the prior decision to determine whether res judicata should apply. To the contrary, the ALJ reviewed the entire record, including the unfavorable decision of November 15, 2000, and determined that res judicata *should not* apply. In light of such, the undersigned finds that the prior decision was reopened by the ALJ, and as a result, this Court is not divested of jurisdiction. Accordingly, the undersigned recommends that the Commissioner's Motion to Dismiss be DENIED, and that the Commissioner be directed to submit a response addressing the merits of Plaintiff's Proposed Recommendation.

The attached sheet contains important information regarding objections to this report and recommendation.

**DONE** this **31st day of January, 2008**.

                                                   /s/ SONJA F. BIVINS
                                         UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                       **/s / SONJA F. BIVINS**
                                                 **UNITED STATES MAGISTRATE JUDGE**